| | | |
|---|---|---|
| IN RE: | : | |
| DYANN DAYLIDA, | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | CASE NO. 5:26-BK-00915-MJC |
| | : | |
| DYANN DAYLIDA, | : | |
| Respondent | : | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 18th day of May 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(2) in that Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507. (See Claim 1-1)

2. Failure to properly state the liquidation value in Section 1B of the Plan.

3. Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

    a. Residential real estate. Trustee requests proof of the value of the Debtor(s) home as stated in his/her schedules. (Full appraisal is requested)

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

    a. Secured claim(s) is not in the Plan. (See Claim 3-1)
    b. The Plan is ambiguous as to the

        i. Base amount

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s)' Plan.
b. Dismiss or convert Debtor(s)' case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 18th day of May 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:


JOHN FISHER
126 SOUTH MAIN STREET
PITTSTON, PA 18640-


/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee